[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10582
Non-Argument Calendar
_____

Agency No. A98-715-212

ZHOU LIANG LI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 6, 2009)

Before EDMONDSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Zhou Liang Li ("Petitioner") seeks review of the decision of the Bureau of Immigration Appeals ("BIA"), which issued its own decision affirming the decision of the Immigration Judge ("IJ"), to deny Li's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). No reversible error has been shown; we affirm.

Petitioner is a Chinese native who arrived in the United States in December 2004. He filed an application for asylum, withholding of removal, and relief under CAT, alleging he fears harm based on his religion, political opinion, and membership in a particular social class if he returns to China. Li's concerns stem from his father's practice of Falun Gong in secret at the family's home and the father's arrest in January 2004. After Li's father's alleged arrest, Li traveled to the United States. Since arriving in the United States, Li has started to practice Falun Gong. According to Li, he is afraid that, if he is sent back to China, he will be arrested just like his father and other practitioners of Falun Gong.

The IJ denied Li's application for asylum, withholding of removal, and relief under CAT. Li filed a notice of appeal to the BIA, which it denied in its own written decision.

When the BIA issues its own decision, separate from the IJ's decision, this Court reviews only the BIA's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "To the extent that the BIA's decision was based on a legal determination, this court's review is de novo." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). "This court reviews administrative fact findings under the highly deferential substantial evidence test." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir.2004) (en banc). This Court will affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." D-Muhumed, 388 F.3d at 817.

An alien who seeks asylum carries the burden of proving statutory refugee status. Al Najjar, 257 F.3d at 1284. To carry this burden, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. A "well-founded fear" of persecution may be established by showing (1) past persecution that creates a rebuttable presumption of a "well-founded fear" of future persecution, (2) a reasonable possibility of future personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or

3

practice in the subject country of persecuting members of a statutorily defined group of which the alien is part. 8 C.F.R. § 208.13(b)(1), (2).

An alien who seeks withholding of removal carries the burden of showing that it is more likely than not that, if returned to his country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(C). An applicant who cannot meet the lower "well-founded fear" of persecution burden for asylum usually cannot meet the "more likely than not" standard required to qualify for withholding of removal. Rivera v. U.S. Att'y Gen., 487 F.3d 815, 820-21 (11th Cir. 2007).

This Court has explained that "[n]ot all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). Persecution requires "more than a few isolated incidents of verbal harassment or intimidation, and . . . harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). This Court has upheld agency decisions when petitioners failed to prove past persecution in cases where petitioners had been temporarily detained and suffered injuries that required hospitalization. See Zheng v. U.S. Att'y Gen., 451 F.3d 1287 (11th Cir. 2006); Djonda v. U.S. Att'y Gen., 514 F.3d 1168 (11th Cir. 2008).

4

An alien who seeks relief under CAT carries the burden of establishing "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)). The "more likely than not" standard for relief under CAT is higher than the "well-founded fear" standard for relief for asylum, so a petitioner who fails to meet the asylum standard will usually not be able to carry his burden for relief under CAT. See Al Najjar, 257 F.3d at 1303-04.

The BIA's decision that Li is not entitled to asylum, withholding of removal, or CAT relief is supported by the evidence. Li did not present evidence that he was arrested or otherwise harmed while living in China. He did not present evidence that the Chinese government is aware that he currently practices Falun Gong. He also failed to present evidence that the Chinese government has ever been interested in him, would single him out for harsh treatment if he returns, or any other reason he should have a "well-founded fear of persecution," especially because he is not a Falun Gong leader and simply practices in the privacy of his home. Furthermore, this Court has held that "[i]nvolvement in Falun Gong in China by itself does not entitle a person to asylum in the United States." Zheng, 451 F.3d at 1292. Petitioner has not demonstrated reversible error in the BIA's

5

decision; accordingly, we affirm.

AFFIRMED.